UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 04-1083-JFW (PJWx)**                                Date:  August 23, 2012

Title:      Winsford Corporation, etc. -v- Export Depot dba Hotel-carts.com

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                  None Present
   Courtroom Deputy                                Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
          None                                              None

**PROCEEDINGS (IN CHAMBERS):**    ORDER DENYING THE WINSFORD CORPORATION'S MOTION FOR CONTEMPT [filed 7/18/12; Docket No. 15]

    On July 18, 2012, Plaintiff The Winford Corporation ("Plaintiff") filed a Motion for Contempt ("Motion").  On August 6, 2012, Defendant Export Depot d/b/a Hotel-Carts.com ("Defendant") filed its Opposition.  On August 13, 2012, Plaintiff filed a Reply.[1]  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for August 27, 2012 is hereby vacated and the matter taken off calendar.  After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

    On February 18, 2004, Plaintiff filed a Complaint against Defendant, alleging trademark infringement of Plaintiff's registered design mark covering its famous luggage cart, Federal Trademark Registration No. 1,682,820 and California Trademark Registration No. 90,138 ("Plaintiff's Mark").  In its Complaint, Plaintiff alleged that Defendant had been selling luggage carts with a design identical to Plaintiff's Mark since 2003.

    On May 21, 2004, Plaintiff and Defendant entered into a settlement agreement in which Defendant covenanted that it "will not at any time subsequent to [the Effective Date] manufacture, advertise, sell, or distribute the Subject Carts and/or any luggage carts confusingly similar to

---

   [1] On August 17, 2012, pursuant to a Court Order, a Reply conforming with the requirements found in the Court's February 18, 2004 Standing Order was substituted for Plaintiff's original Reply.

[Plaintiff's Mark]." On May 24, 2004, pursuant to the parties' settlement agreement and stipulation, the Court entered an injunction, which provided, in part, that Defendant was "permanently enjoined from: (a) using [Plaintiff's Mark] or any luggage cart design confusingly similar thereto; . . . (c) manufacturing, advertising, demonstrating, promoting, offering for sale, selling, distributing and taking order for the luggage carts that incorporate [Plaintiff's Mark] or any confusingly similar design."

**II.    Discussion**

It is axiomatic that courts have the inherent authority to compel obedience to their lawful orders. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir.1983). The standard for finding a party in civil contempt is well settled. *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir.2002). The moving party has the burden of showing by clear and convincing evidence that the party against whom contempt is sought violated a specific and definite court order. *Id.* If the moving party meets this burden, the burden shifts "to the contemnors to demonstrate why they were unable to comply." *Id.*

A party may be found in civil contempt for disobedience of a specific and definite court order if it fails to take all reasonable steps within its power to comply. *In Re Dual–Deck Video Cassette AntiTrust Lit.*, 10 F.3d 693, 695 (9th Cir.1993). The contempt "need not be willful," and there is no good faith exception to the requirement to obey a court order. *Id.* However, a party should not be held in contempt if its action appears to be based on a good faith and reasonable interpretation of the court's order. *Id.* Substantial compliance with a court order is a defense to civil contempt. *Id.* A few technical violations do not vitiate substantial compliance if a party has made reasonable efforts to comply. *Id.* Substantial compliance with a court order purges civil contempt. *NLRB v. A–Plus Roofing, Inc.*, 39 F.3d 1410, 1418 (9th Cir.1994) (*citing General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir.1986)).

In its Motion, Plaintiff moves the Court for an order finding Defendant in contempt of the Court's May 27, 2004 injunction. Plaintiff claims that Defendant has violated the May 27, 2004 injunction because it is marketing and selling luggage carts that fail to keep a "safe distance" from Plaintiff's Mark. Defendant argues that the luggage carts at issue are not confusingly similar to Plaintiff's Mark. Defendant also argues that Plaintiff has unreasonably delayed in bringing this Motion because it has known for several years that Defendant was marketing and selling the luggage carts at issue.

In this case, the Court concludes that Plaintiff has not demonstrated by clear and convincing evidence that Defendant has violated the Court's May 27, 2004 injunction by marketing and selling the luggage carts at issue.

**III.    Conclusion**

For all the foregoing reasons, Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.